**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Raymond L. Bourque**<br>**Plaintiff,** | : | |
| | : | |
| **vs.** | : | **C.A. No.:______** |
| | : | |
| **Albert G. Brien,**<br>**Lodie Brien Agency Inc., and**<br>**New River Associates, Inc.**<br>**Defendants** | : | [redacted] 05 397 T |

## COMPLAINT

### Parties

1. Plaintiff Raymond L. Bourque ("Plaintiff") is a citizen of the Commonwealth of Massachusetts who resides in Attleboro, Massachusetts.

2. Defendant Albert G. Brien ("Brien") is a citizen of the State of Rhode Island who resides in Rhode Island.

3. Defendant New River Associates, Inc. ("New River") is a corporation organized and existing under the laws of the State of Rhode Island having its principal place of business at 64 Hamlet Street, Woonsocket, Rhode Island. New River had been formed by Defendant Brien on July 29, 1998 for the purpose of purchasing and selling real estate. At all times material hereto, Defendant Brien has been the record owner of all of the issued and outstanding stock of New River.

4. Defendant Lodie Brien Agency, Inc. ("LBA") is a corporation organized and existing under the laws of the State of Rhode Island having its principal place of business at 64 Hamlet Street, Woonsocket, Rhode Island.

5. On information and belief, Defendant Brien is now, and was and at all time relevant hereto, the sole shareholder and principal officer of Defendant LBA.

### Jurisdiction and Venue

6. Pursuant to 28 U.S.C. §1332(a)(1), this Court has original jurisdiction over this civil action in that the parties are citizens of different states and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

7. Pursuant to 28 U.S.C. §1391(a)(2), venue is proper in this district in that the events giving rise to the claims described herein occurred in this district.

## Background

8. Sometime in 2001, Plaintiff and Defendant Brien agreed to purchase real property located in Woonsocket, Rhode Island. The property was then owned by Hebert's Red-E-Mix Concrete, Co., Inc. and consisted of several lots on Winter Street (the "Premises").

9. It was agreed between Plaintiff and Defendant Brien that Plaintiff would provide the funds to purchase ("Purchase Money") the Premises and that title to the Premises would be taken in the name of New River. Proceeds from any subsequent sale of the Premises would be used to (a) repay Plaintiff the amount of the Purchase Money plus interest; (b) pay all expenses associated with any such sale; and (c) thereafter be divided equally between Plaintiff and Brien/New River.

10. On or about July 19, 2001 New River acquired the Premises for the contract price of $52,500. Plaintiff provided the funds therefore, except for a deposit of $1,000 and an additional $497.96 both of which were paid by Brien. Attached hereto as Exhibit A is a copy of the Settlement Statement prepared by the attorney who handled the closing.

11. Thereafter, New River continued to hold title to the Premises; Plaintiff would, from time-to-time, advance funds as loans to Brien and/or New River to be used as working capital and for the payment of operating expenses such as taxes.

## The Controversy

12. Sometime in 2004 a disagreement arose between Plaintiff and Defendant Brien unrelated to the business of New River but related to another business venture in which they were then involved. Plaintiff and Defendant Brien were each fifty percent (50%) members of record in Sabal Mortgage Company LLC ("Sabal"). On October 7, 2004 Plaintiff filed a petition in the Superior Court, Providence County for the appointment of a Receiver of Sabal. A Permanent Receiver was thereafter appointed and the business of Sabal wound up. The receivership remains open and Plaintiff and Defendant Brien have filed competing claims to the proceeds from the wind-up of its business being held by the Receiver.

13. On or about February 2, 2005, Defendant Brien, without disclosing his intention and plan to Plaintiff, and acting as an officer of New River, conveyed the Premises to LBA for the sum of $75,000. The sale by New River to LBA was for substantially less than the fair market value of the Premises.

14. Immediately after the sale of the Premises by New River to LBA, LBA, acting through Defendant Brien, conveyed the Premises to Lisa Baldelli-Hunt ("Hunt") on February 2, 2005 for the sum of $185,000. On February 2, 2005, Hunt granted a mortgage on the Premises in the amount of $85,000 in favor of LBA. Upon information and belief, LBA thereafter assigned its interest in the mortgage to First Boston Associates LLC for an undisclosed amount.

## Count I

**(Breach of Contract Against Defendants Brien and New River)**

15. Plaintiff incorporates by reference the allegations of paragraphs 1 through 13 as if fully set forth herein.

16. By Brien's actions, including without limitation (a) surreptitiously causing New River to convey the Premises for less than its fair market value, (b) concealing the sale of the Premises from Plaintiff, (c) diverting moneys rightfully belonging to New River to Defendant Brien's other corporation, LBA, and (d) failing wrongfully to account to Plaintiff for the proceeds of the sale of the Premises, Defendants Brien and New River have breached their contract with Plaintiff. As a result of the actions of said Defendants, Plaintiff has been damaged.

## Count II

**(Accounting against Defendants Brien and New River)**

17. Plaintiff incorporates by reference the allegations of paragraphs 1 through 16 hereof as if fully set forth herein.

18. Defendants, by their actions as aforesaid, have breached their contract with Plaintiff and should account to Plaintiff for all monies received by them, directly or indirectly, from the sale of the Premises and pay over to him the amount to which he is entitled plus interest.

## Count III

**(Constructive Trust against Defendants Brien, LBA and New River)**

19. Plaintiff incorporates by reference the allegations of paragraphs 1 through 18 hereof as if fully set forth herein.

20. Any monies received by Defendants Brien, LBA and New River, directly or indirectly, as a result of their conduct as aforesaid, belong to Plaintiff to the extent of the amount of his advance of the Purchase Money plus interest and fifty percent (50%) of the net proceeds from a sale of the Premises. The Court should impose a constructive trust thereon for the benefit of Plaintiff.

WHEREFORE, Plaintiff prays that judgment be entered as follows:

a. ordering Defendants to account to Plaintiff for all monies received by them, directly or indirectly, in violation of Defendants' obligations to Plaintiff;

b. imposing a constructive trust upon the monies received by Defendants, directly or indirectly, from the sale of the Premises to the extent of Plaintiff's interest therein;

c. awarding Plaintiff damages against Defendants in an amount to be determined at trial;

d. awarding Plaintiff his reasonable attorneys' fees and costs;

e. awarding Plaintiff such other and further relief as shall be deemed meet and just.

RAYMOND L. BOURQUE
By His Attorneys,

Richard W. MacAdams, #1681
Dennis R. Gannon, #2280
MacADAMS & WIECK INCORPORATED
101 Dyer Street, Suite 400
Providence, RI 02903
(401) 454-8700
(401) 454-8755 (Fax)
Dated: September 16, 2005

CA 05 397 T

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

RAYMOND L. BOURQUE

(b) County of Residence of First Listed Plaintiff BRISTOL, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Richard W. MacAdams, Esq., MacAdams & Wieck, Incorporated, 101 Dyer Street, Suite 400, Providence, RI 02903 401-454-8700

## DEFENDANTS

Albert G. Brien, Lodie Brien Agency, Inc., and New River Associates, Inc.

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
William J. Delaney, Esq., Tillinghast, Licht LLP, 10 Weybossett Street, Providence, RI 02903 401-

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C 1332 (a)(1)

Brief description of cause:
BREACH OF CONTRACT, ACCOUNTING AND CONSTUCTIVE TRUST

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE DOCKET NUMBER

DATE
Sept. 16, 2005

SIGNATURE OF ATTORNEY OF RECORD
[signature]

FOR OFFICE USE ONLY

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE