**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Raymond L. Bourque** | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-397 T** |
| | : | |
| **Albert G. Brien,** | : | |
| **Lodie Brien Agency Inc., and** | : | |
| **New River Associates, Inc.** | : | |
| **Defendants** | : | |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

For the reasons stated in the *Memorandum* accompanying this Motion, Plaintiff, by his attorney, moves the Court to compel each of the above named Defendants to produce the documents requested in *Plaintiffs' First Request for Production of Documents Propounded to Defendants* dated October 14, 2004. Plaintiff requests a twenty (20) day order.

Plaintiffs' counsel certifies that it has complied with the requirements of R.C.P. 37 (a)(2).

RAYMOND L. BOURQUE
By His Attorneys,

Richard W. MacAdams, #1681
Dennis R. Gannon, #2280
MacADAMS & WIECK INCORPORATED
101 Dyer Street, Suite 400
Providence, RI 02903
(401) 454-8700
(401) 454-8755 (Fax)
Dated: November 21, 2005

**CERTIFICATION**

I hereby certify that on the 21 day of November, 2005, a true and accurate copy of the within Motion was sent by regular mail, postage prepaid, to William J. Delaney, Esq., Tillinghast Licht LLP, 10 Weybosset Street, Providence, RI 02903

Denis [signature]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Raymond L. Bourque** | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-397 T** |
| | : | |
| **Albert G. Brien,** | : | |
| **Lodie Brien Agency Inc., and** | : | |
| **New River Associates, Inc.** | : | |
| **Defendants** | : | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

### I. Travel of the Case

The above captioned matter is before the court on the Plaintiff's *Motion* to compel production of documents. A copy of Defendants' responses, which include Plaintiff's requests, is attached hereto as Exhibit "1."

Plaintiff's *Complaint* alleges, *inter alia*, that Plaintiff and Defendant Brien agreed that Plaintiff would provide the funds to purchase certain real property, title to which would be taken in the name of Defendant New River; that the proceeds from any sale of the property would, after payment of all expenses associated with any such sale and repayment of Plaintiff the amount of the purchase funds plus interest, be divided equally between Plaintiff and Brien/New River; that Defendant Brien, without disclosing his intention to do so, and acting as an officer of Defendant New River, conveyed the property to Defendant Lodie Brien Agency, Inc., on information and belief, a corporation wholly owned by Brien, for the sum of $75,000; that immediately after the sale to Lodie Brien Agency, Inc., Brien, caused Lodie Brien Agency, Inc. to convey the property to one Lisa Baldelli-Hunt for the sum of $185,000; that Hunt granted Lodie Brien Agency, Inc. a mortgage on the property in the amount of $85,000, which Lodie Brien Agency, Inc. thereafter assigned to First Boston Associates LLC for an undisclosed amount. Based upon the foregoing factual allegations, Plaintiff's *Complaint* contains counts sounding in breach of contract, accounting and constructive trust.

## II. Applicable Law

The general rule of discovery is found in Rule 26(b)(1) of the Federal Rules of Civil Procedure:

> "(b) DISCOVERY SCOPE AND LIMITS. Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
>
> > (1) In General. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).
> >
> > [Emphasis added]

The general rule applies to both interrogatories propounded to a party pursuant to F.R.C.P. 33 and to requests for production and inspection of documents under F.R.C.P. 34.

## III. Argument

Plaintiff served *Plaintiffs' First Request for Production of Documents Propounded to Defendants* dated October 14, 2005, upon Defendants Albert G. Brien and New River Associates, Inc. (collectively, "Defendants"). The total number of requests was eleven. Defendants responded on or about November 12, 2005; however, instead of answering separately and fully, Defendants filed a single response to Plaintiff's interrogatories signed by Albert G. Brien, without identifying the capacity in which he signed.

Defendants have interposed the following sweeping "General Objection" to almost all of Plaintiff's Requests:

> "The Requests, and each of them, are overly broad and thereby objectionable. In addition, a number of them are simply, in Defendants' opinion, not relevant to Plaintiff's claim and therefore not discoverable."

In fact, Defendants have refused to produce documents responsive to any of the requests, stating with respect to some (#1, 4, 5, 6, 11) that the documents are in the possession of "...Plaintiff and/or Mark Berger, CPA, Plaintiff's Certified Public Accountant...," and as to others (#2, 3, 7, 8, 9, 10) relying on the General Objection.

Whether or not certain of the requested documents may be in the hands of Plaintiff or Plaintiff's accountant, the truth and accuracy of which Plaintiff denies, Plaintiff is entitled to inspect and copy any documents responsive to the request which are in the care, custody, control, or possession of any of the Defendants. Accordingly, Plaintiff requests that Defendants be ordered to produce documents in of their care, custody, control or possession responsive to Requests #1, 4, 5, 6, 11.

With respect to requests #2, 3, 7, 8, 9, 10, Plaintiff seeks documents responsive to the definitions preceding his requests which are clearly relevant to claims or defenses of the parties.

- As to # 2, Plaintiff seeks documents relating to the sale of the property by defendant Lodie Brien Agency, Inc. to Lisa Baldelli Hunt.
- As to #3, Plaintiff seeks documents relating to any relationship between any of the defendants and First Boston Associates, LLC and/or its principals, the Grossman Family, which Plaintiff alleges provided financing in connection with the sale of the property by Lodie Brien Agency, Inc. to Lisa Baldelli-Hunt.
- As to #7, Defendants' response is ambiguous. The request is for defined corporate records of New River Associates, Inc. That there are no responsive records at all is implausible inasmuch as all Rhode Island corporations are required by law to submit annual reports in order to maintain their existence.
- As to #9, Lodie Brien Agency, Inc. sold real property to Lisa Baldelli-Hunt. Plaintiff seeks any and all documents relating to any relationship between any of the defendants and Ms. Hunt.
- As to #10, Lodie Brien Agency, Inc. sold a certain mortgage to First Boston Associates, LLC. Plaintiff is entitled to any documents which relate to that transaction, or any other relationship between any of the Defendants and First Boston Associates, LLC or its principals, the Grossman Family.

## IV. Conclusion

All of the information requested in *Plaintiffs' First Request for Production of Documents Propounded To Defendants* is relevant to the claims or defenses of the parties and fully discoverable pursuant to F.R.C.P 26(b). Plaintiff requests that the Defendants be ordered to produce the documents requested within twenty (20) days. Plaintiff is clearly entitled to the documents requested.

RAYMOND L. BOURQUE
By His Attorneys,

Richard W. MacAdams, #1681
Dennis R. Gannon, #2280
MacADAMS & WIECK INCORPORATED
101 Dyer Street, Suite 400
Providence, RI 02903
(401) 454-8700
(401) 454-8755 (Fax)
Dated: November 21, 2005

**CERTIFICATION**

I hereby certify that on the 22 day of November, 2005, a true and accurate copy of the within Memorandum was sent by regular mail, postage prepaid, to William J. Delaney, Esq., Tillinghast Licht LLP, 10 Weybosset Street, Providence, RI 02903