**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **Raymond L. Bourque** | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **C.A. No.: 05-397** ML |
| | : | |
| **Albert G. Brien,** | : | |
| **Lodie Brien Agency Inc., and** | : | |
| **New River Associates, Inc.** | : | |
| **Defendants** | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO RULE 37**

I. Travel of the Case

The above captioned matter is before the court on the Plaintiff's *Motion for Sanctions Pursuant to Rule 37*. Defendants furnished an inadequate response to Plaintiff's First Request for Production, and were subsequently ordered to comply with Plaintiff's request by Order of the Court dated December 6, 2005. A true copy of Defendants' original response is attached hereto as *Exhibit 1*, and the subsequent Order is attached hereto as *Exhibit 2*. Subsequent to the issuance of the Order, Defendant's furnished their *Supplemental Responses* on or about February 21. A true copy of Defendants' *Supplemental Responses* are attached hereto as *Exhibit 3*. In response to a letter from Plaintiff's counsel to Defendant's counsel requesting access to the materials identified in the *Supplemental Responses*, Defendant's furnished a *Second Supplemental Response* dated March 24, 2006, a true copy of which is attached hereto as *Exhibit 4*.

The Court may impose sanctions pursuant to Fed. Rule Civ. Proc. 37(a)(2)(A), which states:

> (A) If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith

conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action.

The inherent contradictions among the original responses, the *Supplemental Response* and *Second Supplemental Response,* demonstrate that Defendants have not made a due and reasonable inquiry into the existence of materials responsive the requests, and that the disclosures made are incomplete, woefully inadequate, given in bad faith, and not in compliance with the order of the court for reasons stated herein.

Appropriate sanctions include entry of judgment by default and the imposition of attorneys' fees. F.R.C.P. 37(b)(2(C); *Guex v. Allamerica Financial Life Ins. & Annuity Co.*, (1st Cir. 07/10/1998); *Damiani v. Rhode Island Hosp.*, 704 F.2d 12, 15 (1st Cir. 1988). Accordingly, the time for compliance long having passed, Plaintiff respectfully requests that the Defendants be adjudged in contempt of the prior Order of this Court, defaulted, that judgment be entered in favor of Plaintiff, and that Defendants be ordered to pay the Plaintiff's fees in connection with the prosecution of this motion.

## II. Defendants' Intentional Noncompliance With the Order of the Court Frustrates Relevant Discovery

Plaintiff's *Complaint* alleges, *inter alia*, that Plaintiff and Defendant Brien agreed that Plaintiff would provide the funds to purchase certain real property, title to which would be taken in the name of Defendant New River; that the proceeds from any sale of the property would, after payment of all expenses associated with any such sale and repayment of Plaintiff the amount of the purchase funds plus interest, be divided equally between Plaintiff and Brien/New River; that Defendant Brien, without disclosing his intention to do so, and acting as an officer of Defendant New River, conveyed the property to Defendant Lodie Brien Agency, Inc., on

information and belief, a corporation wholly owned by Brien, for the sum of $75,000; that immediately after the sale to Lodie Brien Agency, Inc., Brien, caused Lodie Brien Agency, Inc. to convey the property to one Lisa Baldelli-Hunt for the sum of $185,000; that Hunt granted Lodie Brien Agency, Inc. a mortgage on the property in the amount of $85,000, which Lodie Brien Agency, Inc. thereafter assigned to First Boston Associates LLC for an undisclosed amount. Based upon the foregoing factual allegations, Plaintiff's *Complaint* contains counts sounding in breach of contract, accounting and constructive trust. All of Plaintiff's discovery requests are focused on obtaining information relevant to the foregoing claims and to the Defendants defenses.

**Request for Production #3**

In Plaintiff's Request for Production # 3, Defendants were asked to produce:

> "3. All Documents, Correspondence, Corporate Records or Financial Records concerning any and all indebtedness of any of the Defendants and between any of the Defendants and First Boston Associates LLC and/or the Grossman family."

Informing Request for Production #3, Plaintiff had asked, in Interrogatory #15:

> "15. Describe in detail the facts, identify all persons having knowledge of the facts, and identify the Documents, including Financial Records and Correspondence, and Communications concerning any indebtedness of any of the Defendants to First Boston LLC."

In their response to Interrogatory #15, Defendants described a line of credit and identified documents evidencing the line of credit and a mortgage securing the same as responsive to the interrogatory. However, in response to Request for Production #3 relative to the identified documents and other documents which related to the same subject matter as Interrogatory #15,

Defendants first objected to the request, and after being ordered to produce the documents, filed a Supplemental Response that the documents would be made available at 64 Hamlet Street, Woonsocket, then furnished the Second Supplemental response that they had no such documents, but if any did exist, they would be filed in the public records of the City of Woonsocket and the Town of North Smithfield ... and the Town of Blackstone and the Town of Bellingham." Presumably, what the Defendants are suggesting is that Plaintiffs go to the public records and look for themselves. Putting aside that the only documents which would be part of the public records would be mortgages and other lien filings, it is patently absurd that Defendants have no financial records in their possession or control relating to a line of credit whose very existence they acknowledge in answers to interrogatories.

Taking into account the information provided in Defendants' response to interrogatory #15, Defendants' combined responses to Request for Production #3 are contradictory and in bad faith, clearly unresponsive, and indicate an intent not to comply with the order of the court.

**Request for Production #6**

In Plaintiff's Request for Production # 6, Defendants were asked to produce:

> "6. All Documents, Correspondence, Corporate Records or Financial Records concerning any payments made by any of the Defendants for the acquisition, maintenance, or renovation of the Premises."

"Financial Records" were defined as:

> C. Financial Records" includes, but is not limited to, statements, payments, purchase orders, cancelled checks, check stubs, invoices, debit and credit memorandum, applications, accounts, certificates of condition, books of account (including journals, ledgers and the like) and financial statements."

The "Premises" was defined as "...the real property formerly owned by Hebert's Red-E-Mix Concrete, Co., Inc. consisting of several lots located on Winter Street in Woonsocket, RI." In their original response to the request, Defendants stated that it would make financial records available for inspection and copying. Defendants did not make any documents available for inspection and copying. Instead, in Defendants' Second Supplemental Response, Defendants produced several pages summarizing checks and/or expenditures. The checks themselves and other backup information for the expenditures, among other things, would be records responsive to the request, and as such are subject to production. The documents produced with respect to Request #6, are clearly unresponsive, in bad faith, and indicate an intent not to comply with the order of the court.

**Request for Production #10.**

In Plaintiff's Request for Production #10, Defendants were asked to produce:

> "10. All Documents, Correspondence, Corporate Records or Financial Records concerning the relationship between any of the Defendants and First Boston Associates LLC and/or the Grossman family."

Informing that Request, Plaintiff's Interrogatory # 14 reads:

> "14. Describe in detail the facts, identify all persons having knowledge of the facts, and identify the Documents, including Financial Records and Correspondence, and Communications concerning the relationship between any of the Defendants and First Boston Associates LLC and/or the Grossman family."

In their response to Interrogatory #14, Defendants indicate that there is a 40 year business relationship between Brien and the Grossmans involving the purchase and sale of real property and the financing of business transactions. Defendants' response to the interrogatory indicates that "Documents concerning the relationship including the Assignment of the Mortgage from

Lisa Baldelli-Hunt to Lodie Brien, are being produced." In fact, other than the Baldelli-Hunt transaction papers, what was produced as responsive to Request for Production #10 with respect to a 40 year financial relationship between Defendants and First Boston LLC and/or the Grossman family was a single, personal letter from John Grossman to Albert Brien dated February 2, 1978. The documents produced with respect to Request #10, are clearly unresponsive, in bad faith, and indicate an intent not to comply with the order of the court.

**Request for Production #11.**

In Plaintiff's Request for Production #11, Defendants were asked to produce:

> "11. All Financial Records of New River Associates, Inc. from the date of its formation to the present."

"Financial Records" were defined as:

> C. Financial Records" includes, but is not limited to, statements, payments, purchase orders, cancelled checks, check stubs, invoices, debit and credit memorandum, applications, accounts, certificates of condition, books of account (including journals, ledgers and the like) and financial statements."

What have been provided in Defendants' Second Supplemental response are several pages listing various expenses by date, apparent payee and amount. Some listings appear to reference check numbers. However, no copies of checks, deposit slips, backup for expenditures or other records which would be responsive are included. Accordingly, the documents produced with respect to Request #11, are clearly unresponsive, in bad faith, and indicate an intent not to comply with the order of the court.

III. Conclusion

The time for compliance with Plaintiff's Requests and with the Order of this Court has long since passed. Accordingly, Plaintiff respectfully requests that the Defendants be adjudged in

contempt of the prior Order of this Court, defaulted, that judgment be entered in favor of Plaintiff, and that Defendants be ordered to pay the Plaintiff's fees in connection with the prosecution of this motion.

RAYMOND L. BOURQUE
By His Attorneys,

Richard W. MacAdams, #1681
Dennis R. Gannon, #2280
MacADAMS & WIECK INCORPORATED
101 Dyer Street, Suite 400
Providence, RI 02903
(401) 454-8700
(401) 454-8755 (Fax)
Dated: April 7, 2006

**CERTIFICATION**

I hereby certify that on the 7 day of April, 2006, a true and accurate copy of the within Memorandum was sent by regular mail, postage prepaid, to Lori Caron Silveira, Esq., Tillinghast Licht LLP, 10 Weybosset Street, Providence, RI 02903

w:\bourque, raymond\brien (new river)\pleadings\memo support of motion for sanctions 4-4-06.doc