**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RAYMOND L. BOURQUE,<br>Plaintiff, | : | |
| v. | : | C.A. No.: 05-397 ML |
| ALBERT G. BRIEN, LODIE BRIEN AGENCY INC., AND NEW RIVER ASSOCIATES, INC.,<br>Defendants | : | |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO RULE 37**

For the reasons stated in the Memorandum accompanying this objection, Defendants, through their attorneys, maintain that they have complied with the requirements of F.R.C.P. 26 and F.R.C.P. 34. Therefore, Defendant respectfully moves that the Court deny Plaintiff's Motion for 1) an Order adjudging the Defendants in contempt of the prior Order of this Court, 2) defaulting the Defendants, 3) entering judgment in favor of Plaintiff, and 4) Plaintiff's attorney's fees in connection with prosecution of this motion.

In support of their position, Defendants rely on the accompanying Memorandum of Law contemporaneously filed herewith.

DEFENDANTS ALBERT G. BRIEN,
LODIE BRIEN AGENCY and
NEW RIVER ASSOCIATES, INC.

By Their Attorneys,

Lori Caron Silveira (#3002)
Paul J. Moretti Sr., *Pro Hac Vice* (LA Bar # 29634)
Tillinghast Licht LLP
10 Weybosset Street
Providence, RI 02903
(401) 456-1200
(401) 456-1210 (fax)

CERTIFICATE OF SERVICE

I hereby certify that on the 19 day of April, 2006, a true copy of the within was sent by first-class mail, postage prepaid, to the following:

Richard W. MacAdams, Esq. and
Dennis R. Gannon, Esq.
MacAdams& Wieck Incorporated
101 Dyer Street, Suite 400
Providence, RI 02903

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;429408;1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| RAYMOND L. BOURQUE,<br>Plaintiff, | : | |
| v. | : | C.A. No.: 05-397 ML |
| ALBERT G. BRIEN, LODIE BRIEN AGENCY INC., AND NEW RIVER ASSOCIATES, INC.,<br>Defendants | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO RULE 37**

Defendants submit this Memorandum in Support of their objection to the Plaintiff's Motion for Sanctions pursuant to F.R.C.P. 37. For the reasons stated below, Plaintiff's requests should be denied.

## 1. Facts and Travel

Defendants submitted their initial response to Plaintiff's First Request for Production on November 12, 2005, in which they raised a general objection that the requests made by Plaintiff were over broad. On January 5, 2006, the Court issued an order compelling Defendants to produce the documents requested in Plaintiff's First Request for Production. On or about February, 2006, Defendants changed counsel to the undersigned. Since assuming responsibility for this case, undersigned counsel has made every effort to have Defendants diligently search for and produce any and all documents responsive to Plaintiff's requests and are continuing to do so. Additionally, Defendants have been in the process of vacating an office they have occupied for over 30 years and as such all records and documents have been packed in boxes to be moved for storage, which has

further complicated the Defendants' search for records. Defendants have made every possible effort to comply with the order of the Court and provided documents to Plaintiff. Additionally, Defendants offered, and continue to offer, to make available to Plaintiff for inspection and copying at 64 Hamlet Avenue, Woonsocket, Rhode Island any and all pertinent records the Defendants had in their possession. Plaintiffs were not satisfied with Defendant making all pertinent records available at Defendants' place of business in that they did not want to go to 64 Hamlet Avenue and inspect the Defendants' records. In an effort to accommodate Plaintiff, Defendants filed a Second Supplemental Response on March 24, 2006, in which they provided such documents as they could locate within their possession or control at the time of their response which were responsive to Plaintiff's request.

**2. <u>Legal Argument</u>**

Plaintiff is correct in asserting that the Court may impose sanctions pursuant to Federal Rule of Civil Procedure 37(a)(2)(A). *Plaintiff's Memorandum in Support*, P.1-2. Defendant does not argue that the courts do indeed have the power to sanction parties who *repeatedly fail* to comply with court deadlines (*emphasis added*). *Torres-Vargas v. Pereira*, 431 F.3d 389, 392 (Fed. 1st Cir., 2005), citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976), *reh'g denied,* 429 U.S. 874, 97 S.Ct. 197, 50 L.Ed.2d 158 (1976). This discretion to impose sanctions is not without limits. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S.Ct. 2099, 2106-07, 72 L.Ed.2d 492 (1982). The Supreme Court has held that the discretion of the courts with regard to sanctions is bound by two constraints. *Id.* First, any sanction must be `just'; second, the sanction must be specifically related to the particular claim which was at issue in the order to provide discovery. *Id.* Those sanctions are contemplated "not merely to penalize those whose conduct may be deemed to

warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League*, at 643. The sanction of dismissal should be used when none of the lesser sanctions available would be appropriate. *Enlace Mercantil Internacional, Inc. v. Senior Industries, Inc.*, 848 F.2d 315, 318 (1st Cir.1988). Therefore, the sanctions sought by Plaintiff are too severe given the circumstances.

Defendants in the case before the bar have not repeatedly failed to comply with any deadlines or orders of this Court. In fact, Defendants have endeavored to comply with Plaintiff's requests for production. *Defendants' Supplemental Response to First Request for Production of Documents*, (Exhibit 1). Defendants offered Plaintiff an opportunity to come to the Defendants' office and inspect and copy any documents they believed to be relevant to their claim. *Id.* The Plaintiff declined the Defendants' offer to inspect and copy the Defendants' files at their office, and demanded that the Defendants produce relevant documents to them. In response to the Plaintiff's demand that the documents be produced to them, Defendants produced whatever documents they could find which they believed complied with Plaintiff's request.

Furthermore, a party who has responded to a request is under a duty to supplement or correct the disclosure to include information thereafter acquired. *Sheek v. Asia Badger Inc*, 235 F.3d 687, 693 (1st Cir., 2000), citing Fed. R. Civ. P. 26(e)(1). Defendants aver that their responses to Plaintiff's requests were complete at the time they were made and that they are aware of their continuing duty to supplement their responses if and when any further information is found.

Plaintiff cites *Damiani v. Rhode Island Hospital*, 704 F.2d 12, 15 (1 Cir. 1988) for the proposition that sanctions, including judgment by default and attorney's fees, should be imposed for failure to comply with discovery orders in this case. *Damiani* is distinguishable from Defendants'

case. In *Damiani*, the plaintiff made no effort at all to comply with discovery orders. *Id.*, 13-14. Contrary to Plaintiff's assertions that sanctions should be imposed as a matter of first resort in this case, the First Circuit has maintained that dismissal should not be viewed either as a sanction of first resort or as an automatic penalty for every failure to abide by a court order. *Young v. Gordon*, 330 F.3d 76, 84 (1st Cir.2003). Defendants in the case before the bar have made every effort to comply with Plaintiff's requests and are continuing to do so. Therefore, imposition of such a harsh penalty as default judgment and attorney's fees are not just or warranted and Plaintiff's motion should be DENIED.

### 3. **Defendant's Compliance With Order**

Plaintiff alleges that Defendants have failed to comply only with production relative to several specific requests, not the entire request. *Plaintiff's Memorandum*, P.3-6. Defendants deny that they have failed to comply. As stated supra, Defendants are well aware of their continuing obligation and duty to provide additional information to Plaintiff and are continuing to search for any documents which would be responsive to Plaintiff's requests.

Plaintiff alleges that Defendants were not responsive to Request for Production #3 which asked for

> "All documents, correspondence, corporate records, or financial records concerning any and all indebtedness of any of the Defendants and between any of the Defendants and First Boston Associates LLC and/or the Grossman Family. *Plaintiff's Memorandum*, P.3.

The Defendants' response indicated that they were not in possession of any of the requested materials and directed the Plaintiff to the public records because those were the only records available that may satisfy Plaintiff's request. Defendants' response was not "incomplete or evasive,"

it informed Plaintiff that Defendants did not have any records of the type requested and went further to explain that the only documents known to the Defendants that could satisfy the request would be filed in the public records, to which Plaintiff had the same access as did Defendants. While the Plaintiff argues that it is "patently absurd that the Defendants have no financial records in their possession or control relating to" their line of credit with First Boston, this is mere opinion and speculation by Plaintiff. *Plaintiff's Memorandum*, at P.4. The method of Defendant Brien's business dealings with Mr. Grossman and First Boston LLC, while unorthodox and thus seemingly "absurd," was a routine and common business practice between them. Plaintiff is aware that there are other discovery tools available to him to ascertain the Defendants' veracity regarding this "absurd" arrangement.

The response to Request for Production #3 is not at odds with Defendants response to Interrogatory #15 as Plaintiff suggests. *Id.*, at P.3. In Interrogatory 15, Defendant answered that the indebtedness was a revolving line of credit and that the documents evidencing the debts would be the assignments of the mortgages themselves. *Defendants' More Responsive Answers to First Set of Interrogatories*, Exhibit 2, P.9. Defendants did not identify any specific documents other than the assignments of the mortgages as being evidence of this revolving line of credit, contrary to what Plaintiff would have this Court believe. The Defendants acknowledged indebtedness to First Boston LLC and have stated that the only records of the indebtedness are the mortgages themselves, which are not in the Defendants' possession or control but are contained in the public records. The Plaintiff is well aware that he is entitled to further explore the veracity of this response through other discovery tools. Therefore, Defendants aver their response to Request for Production #3 was as complete and responsive as it could have been at the time it was given and was made in good faith without any intention to be evasive.

Plaintiff next argues that Defendants did not comply with Request for Production #6 in that they did not provide checks and back up information for expenditures made in connection with the acquisition, maintenance, or renovation of the Premises. *Plaintiff's Memorandum*, at P.4-5. Defendants aver that they produced all of the documents they could locate that were in their possession or control at the time of the response. It should be noted that New River never had any bank accounts from which it expended funds or received funds. Furthermore, Defendants were aware of their duty to supplement their response to this question if and when any other documents responsive to this request were found and continue to search for such records to comply with that duty.

Plaintiff argues that Defendant's response to Request for Production #10 was not responsive and in bad faith because it conflicted with Defendant's response to Interrogatory #15. *Plaintiff's Memorandum*, at P. 5. Defendant Brien acknowledged a forty (40) year relationship with the Grossmans and First Boston LLC. Again, Defendants aver that they have produced the only documents that could be located within their possession and control. Defendants' relationship with First Boston and the Grossman family did not consist of any loan documents as are commonly used and merely consisted of assignments of mortgages to First Boston for properties on which they loaned money to Defendant Brien. As such, Defendants did produce documents related to the Baldelli-Hunt transaction, which were the only documents located in their possession and control at the time of the response that would satisfy the request. Plaintiff may speculate that this business arrangement is "absurd," and Defendants admit that it may be unusual, but again, Plaintiff is free to explore the veracity of Defendants' assertions with regards to the lack of documentation in Defendants' possession or control through other discovery methods.

Finally, Plaintiff alleges that Defendants' response to Request for Production #11 was "clearly unresponsive, inadequate and in bad faith." *Plaintiff's Memorandum*, at P.6. Plaintiff again is referring to the same materials requested in Request for Production #6 . As previously stated New River never had any bank accounts for the deposit of any funds or for the withdrawal for any expenditures. Defendants produced the records they were able to locate in their possession or control that were most responsive to Plaintiff's request at the time of their response. Again, Defendant is well aware of their duty to supplement their response when and if they locate any other documents that are responsive to this request and will continue to endeavor to do so and supplement their responses to Plaintiff as required.

## 4. CONCLUSION

Defendants have made every effort to comply with Plaintiff's discovery requests and the Order of this Court. As stated, Defendants changed counsel to the undersigned after the Court's order and new counsel has been endeavoring to produce the requested documents. Just because Plaintiff does not believe the unusual methods by which Defendant Brien conducted his business, does not mean that Defendants have not provided as many documents as they could locate within their possession or control that they believed were responsive to Plaintiff's requests. Furthermore, Defendants invited Plaintiff to their office to inspect and copy any and all other documents which Plaintiff may have felt would have satisfied his request and Plaintiff refused to do so. Not only have the Defendants been in good faith in attempting to comply with the Order of this Court and with the discovery request of Plaintiff, but they have produced all documents located within their possession or control at the time they submitted their responses. Therefore, Defendants respectfully request that this Court DENY the Plaintiff's motion adjudging the Defendants in contempt of court, for entry of

default judgment in Plaintiff's favor and DENY their request for attorney's fees in connection with the prosecution of this motion.

Respectfully Submitted,
DEFENDANTS ALBERT G. BRIEN, LODIE BRIEN AGENCY and NEW RIVER ASSOCIATES, INC.

By Their Attorneys,

Lori Caron Silveira (#3002)
Paul J. Moretti Sr., *Pro Hac Vice* (LA Bar # 29634)
Tillinghast Licht LLP
10 Weybosset Street
Providence, RI 02903
(401) 456-1200
(401) 456-1210 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on the 19 day of April, 2006, a true copy of the within was sent by first-class mail, postage prepaid, to the following:

Richard W. MacAdams, Esq. and
Dennis R. Gannon, Esq.
MacAdams& Wieck Incorporated
101 Dyer Street, Suite 400
Providence, RI 02903

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;429409;1