UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RAYMOND L. BOURQUE, Plaintiff, | : | |
| v. | : | C.A. No.: 05-397 T |
| ALBERT G. BRIEN, LODIE BRIEN AGENCY INC., AND NEW RIVER ASSOCIATES, INC. Defendants | : | |

**DEFENDANTS' MORE RESPONSIVE ANSWERS TO FIRST SET OF INTERROGATORIES PROPOUNDED BY PLAINTIFF**

Now come Defendants Albert G. Brien and New River Associates, Inc., two of the defendants in the above-captioned matter, and by Order of the Court, provide the following more responsive answers to the First Set of Interrogatories Propounded by Plaintiff.

MORE RESPONSIVE ANSWERS TO INTERROGATORIES

1. State the full name, residence and/or business address, employer and the title and/or position of each person who answered and/or assisted in preparing the answers to these interrogatories, and state which interrogatory each person answered and/or assisted in answering.

Response No. 1. The Defendant, Albert G. Brien, 64 Hamlet Avenue, Woonsocket, Rhode Island.

**More Responsive Answer No. 1.** The answers to these interrogatories were prepared by Albert G. Brien, 64 Hamlet Avenue, Woonsocket, Rhode Island, with the assistance of counsel. Mr. Brien is employed by Lodie Brien Agency, Inc. and is also president of co-defendant New River Associates, Inc.

Exhibit 2

2. Identify each person who contributed information, or who was consulted, in answering these interrogatories.

Response No. 2. Defendants' counsel.

**More Responsive Answer No. 2.** Defendants' counsel did not "contribute information" in answering these interrogatories but was consulted regarding preparation of the answers. As plaintiff's counsel knows, communications between the defendants and their counsel are privileged and not discoverable.

3. Identify all documents utilized or reviewed in answering these interrogatories.

Response No. 3. Defendants assert the General Objection.

**More Responsive Answer No. 3.** In answering these interrogatories, defendants Brien and New River "utilized or reviewed" all of the documents already produced to the plaintiff, as well as the documents now being produced to the plaintiff as "Defendants' Supplemental Response to Plaintiff's First Request for Production."

4. State the full name, residence and/or business address of each person whom Defendant believes has personal knowledge of the facts and circumstances relating to the allegations in Plaintiffs' Complaint, and state in detail the facts and circumstances of which Defendant believes the person has personal knowledge.

Response No. 4. Defendants assert the General Objection. Notwithstanding the foregoing, the Plaintiff and Gloria Ayotte, 64 Hamlet Avenue, Woonsocket, Rhode Island.

**More Responsive Answer No. 4.** Albert Brien, 64 Hamlet Avenue, Woonsocket, Rhode Island, has knowledge of the facts and circumstances relating to the real estate transaction which is involved in the claims asserted by Mr. Bourque in this action. Gloria Ayotte, 64 Hamlet

Avenue, Woonsocket, Rhode Island, in her capacity as Mr. Brien's bookkeeper, has knowledge of how the real estate transaction was documented and treated for bookkeeping purposes.

5. State the full name, residence and/or business address of each person whom Defendant believes has personal knowledge of the facts and circumstances relating to any claims or defenses which the Defendant claims to have, and state in detail the facts and circumstances of which Defendant believes the person has personal knowledge.

Response No. 5. Defendants assert the General Objection. Notwithstanding the foregoing, Gloria Ayotte and Donna Tancrell, 64 Hamlet Avenue, Woonsocket, Rhode Island.

**More Responsive Answer No. 5.** Albert Brien, 64 Hamlet Avenue, Woonsocket, Rhode Island, has knowledge of the facts and circumstances relating to the real estate transaction which is involved in the claims asserted by Mr. Bourque in this action and has personal knowledge of the fact that there was no agreement with Mr. Bourque, as alleged by him, with regard to the real estate known as Hebert's. Gloria Ayotte, 64 Hamlet Avenue, Woonsocket, Rhode Island, in her capacity as Mr. Bourque's bookkeeper, has knowledge of how the Hebert's real estate transaction was documented and treated for bookkeeping purposes.

6. Describe in detail the facts, identify all persons having knowledge of the facts, and identify the Documents, including Financial Records and Correspondence, and Communications concerning any and all indebtedness of any of the Defendants to Plaintiff with respect to funds received for the acquisition, maintenance, or renovation of the Premises.

Response No. 6. Defendants assert the General Objection. Notwithstanding the foregoing, Defendant, Albert G. Brien.

**More Responsive Answer No. 6.** Neither defendant Brien nor defendant New River received from plaintiff Bourque any funds for the "acquisition, maintenance, or renovation of [the real estate known as Hebert's]." Therefore, there is no "indebtedness" of any of the defendants to plaintiff Bourque "with respect to funds received for the acquisition, maintenance, or renovation of the Premises." There are no persons having knowledge of facts to the contrary, and there are no documents (including financial records, correspondence and communications) to be identified in response to this interrogatory.

7. Describe in detail the facts, identify all persons having knowledge of the facts, and identify the Documents, including Financial Records and Correspondence, and Communications concerning any payments made by the Plaintiff for the acquisition, maintenance, or renovation of the Premises.

Response No. 7. Defendants assert the General Objection. Notwithstanding the foregoing, Defendant Albert G. Brien and Gloria Ayotte.

**More Responsive Answer No. 7.** Plaintiff Bourque did not make any payments for the "acquisition, maintenance, or renovation of the Premises." Therefore, there are no facts to be described in detail; no persons to be identified as having knowledge; and no documents, including financial records, correspondence, and communications, to be identified.

8. Identify all officers, directors and shareholders of Defendants, and the terms of their incumbency, from the date of Defendants' formation or incorporation to the present, and identify any Corporate Records concerning the appointment, election, resignation or removal thereof.

Response No. 8. Defendants assert the General Objection. Notwithstanding the foregoing, Defendant Albert G. Brien.

**More Responsive Answer No. 8.** Mr. Brien has been the sole shareholder of Lodie Brien Agency, Inc. since it was incorporated in 1995. Mr. Brien has been the sole shareholder of New River since its incorporation in or around 1998. Lodie Brien Agency does not have directors. Albert Brien and Donna Tancrell are the directors of New River. Plaintiff Bourque may have been an officer of New River at some point in time. Currently, Mr. Brien is president and secretary of New River, and Donna Tancrell is vice president and treasurer. For Lodie Brien Agency, Mr. Brien is president, secretary and treasurer, and Donna Tancrell is vice president. At this time, defendant Brien cannot "identify" any corporate records that would be responsive to this Interrogatory other than copies of annual reports filed with the Secretary of State's Office, which are being produced contemporaneously pursuant to Defendants' Supplemental Response to Plaintiff's First Request for Production.

9. For each officer, director and shareholder identified in the answer to the previous interrogatory, describe in detail the day to day duties of each.

Response No. 9. Defendants assert the General Objection. Notwithstanding the foregoing, Defendant Albert G. Brien acted as President and CEO of each of the Defendant corporations.

**More Responsive Answer No. 9.** Mr. Brien acted as President, CEO and CFO of the defendant corporations. No one other than Mr. Brien ever had any day to day duties with either of the defendant corporations.

10. Describe in detail the facts, identify all persons having knowledge of the facts, and identify the Documents, including Financial Records and Correspondence, and Communications concerning the sale of the Premises, or any portion thereof, to Lodie Brien Agency, Inc.

Response No. 10. The Defendants cite the General Objection. Notwithstanding the foregoing, Defendant Albert G. Brien.

**More Responsive Answer No. 10.** The Premises were transferred from New River to Lodie Brien Agency, and subsequently from Lodie Brien Agency to Ms. Lisa Baldelli Hunt on or about February 2, 2005. Mr. Brien has knowledge of the facts involved in the transfers. Upon information and belief, the buyer, Ms. Baldelli Hunt, also has knowledge of the facts involved in her purchase of the Premises. Documents related to the transfer of the Premises, including the closing statements for both transfers, are included among the documents being produced contemporaneously pursuant to "Defendants' Supplemental Response to Plaintiffs Request for Production of Documents."

11. Describe in detail the facts, identify all persons having knowledge of the facts, and identify the Documents concerning the reason why Defendant New River Associates, Inc. sold the Premises to Lodie Brien Agency, Inc. on or about February 2, 2005.

Response No. 11. The Defendants cite the General Objection.

**More Responsive Answer No. 11.** Mr. Brien transferred the Premises to Lodie Brien Agency because New River is merely a corporation used as a holding company for properties with potential environmental problems and is not an oeprating company. Because New River is not an operating company, it has been Mr. Brien's practice to transfer environmentally-remediated properties from New River to Lodie Brien Agency prior to selling to

a third party. Mr. Brien hereby "identifies" the Environmental Site Assessment done for the Premises as a "document concerning the reason why [New River] sold the Premises" to Lodie Brien Agency.

12. Describe in detail the facts, identify all persons having knowledge of the facts, and identify the Documents, including Financial Records and Correspondence, and Communications concerning the sale of the Premises, or any portion thereof, by Lodie Brien Agency, Inc. to Lisa Baldelli Hunt on or about February 2, 2005.

Response No. 12. The Defendants cite the General Objection.

**More Responsive Answer No. 12.** The facts concerning the sale of the Premises are as follows: Ms. Baldelli-Hunt approached Mr. Brien and offered to buy the Premises, and Mr. Brien agreed to sell the Premises, for a price that Mr. Brien deemed reasonable, given all of the circumstances, including the information and conclusions set forth in the Phase I Environmental Site Assessment done on the property in December 2004. The persons having knowledge of the facts are the seller, Mr. Brien, president of Lodie Brien Agency and New River, and the buyer, Ms. Baldelli-Hunt. The documents concerning the purchase and sale are the settlement statements of February 2, 2005, copies of which are being produced. Mr. Brien knows of no correspondence or other documents to be identified in response to this interrogatory.

13. Describe in detail the facts, identify all persons having knowledge of the facts, and identify the Documents, including Financial Records and Correspondence, and Communications concerning the relationship between any of the Defendants and Lisa Baldelli Hunt.

Response No. 13. The Defendants cite the General Objection.

**More Responsive Answer No. 13.** There is no "relationship" between the defendants and Ms. Baldelli-Hunt. Mr. Brien has known Ms. Baldelli-Hunt, as she is the niece of former Mayor Baldelli and is also known to be an active investor in real estate in northern Rhode Island. Mr. Brien had sold Ms. Baldelli-Hunt other properties before the purchase and sale of the Premises. Mr. Brien knows of no documents other than those already produced and now being produced pursuant to Defendants' Supplemental Response to Plaintiff's First Request for Production.

14. Describe in detail the facts, identify all persons having knowledge of the facts, and identify the Documents, including Financial Records and Correspondence, and Communications concerning the relationship between any of the Defendants and First Boston Associates LLC and/or the Grossman family.

Response No. 14. The Defendants cite the General Objection.

**More Responsive Answer No. 14.** Mr. Brien has done business with First Boston Associates and/or the Grossman Family for more than 40 years, having first met Mr. John Grossman through Mr. Brien's father, the late Lodie Brien. The business transacted between Mr. Brien and the Grossmans has involved the purchase and sale of real estate and the financing of business transactions, including the introduction of Mr. Bourque to the Grossmans when Mr. Bourque was seeking financing to invest in a condominium project on Cape Cod known as "Southport." Mr. Brien has knowledge of the facts related to the relationship with the Grossmans and/or First Boston Associates. Mr. John Grossman, Mr. Louis Grossman, and the accountant for the Grossmans also have knowledge of the facts, as do Mr. Brien's bookkeeper and former bookkeeper, Gloria Ayotte and Donna Tancrell. Documents concerning the relationship,

including the Assignment of the Mortgage from Lisa Baldelli-Hunt to Lodie Brien, are being produced pursuant to the Defendants' Supplemental Response to Plaintiff's First Request for Production of Documents.

15. Describe in detail the facts, identify all persons having knowledge of the facts, and identify the Documents, including Financial Records and Correspondence, and Communications concerning any indebtedness of any of the Defendants to First Boston LLC.

Response No. 15. The Defendants cite the General Objection.

**More Responsive Answer No. 15.** The "indebtedness," which is money loaned pursuant to a secured line of credit, fluctuates as transactions occur. Currently the indebtedness of the defendants to First Boston Associates is approximately $190,000 loaned pursuant to a secured line of credit. Mr. Brien hereby "identifies" the documents evidencing the line of credit and the mortgage securing as responsive to this interrogatory.

16. Identify all expert witnesses whom you expect to call at trial, and provide for each:

(a) a complete statement of all opinions to be expressed and the basis and reasons therefor;

(b) the data or other information considered by the witness in forming the opinions;

(c) any exhibits to be used as a summary of or support for the opinions;

(d) the qualifications of the witness, including a list of all publications authored in the preceding ten years;

(e) the compensation to be paid; and

(f) a listing of other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Response No. 16. At this juncture the Defendants have not yet determined whether they will engage any expert witnesses.

Albert G. Brien

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, in said County, on the 20th day of February, 2006, before me personally appeared the above named Albert G. Brien, to me known and known by me to be the party executing the foregoing instrument, and he acknowledged said instrument by him executed to be his free act and deed.

Notary Public
LORI CARON SILVEIRA

Counsel for Defendants:

Lori Caron Silveira (#3002)
Tillinghast Licht LLP
10 Weybosset Street
Suite 1000
Providence, RI 02903
(401) 456-1200; (401) 456-1210 (fax)
lsilveira@tllaw.com

Dated: February 20, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RAYMOND L. BOURQUE, Plaintiff,

v. C.A. No.: 05-397 T

ALBERT G. BRIEN, LODIE BRIEN AGENCY INC., AND NEW RIVER ASSOCIATES, INC. Defendants

**DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANTS**

Now come defendants Albert G. Brien and New River Associates, Inc., two of the Defendants in the above-captioned matter, and pursuant to the Order of this Honorable Court, hereby provide the following supplemental response to the Plaintiff/Petitioner's First Request for Production of Documents (the "Request"):

DOCUMENTS

1. All Documents, Correspondence, Corporate Records or Financial Records concerning the sale of the Premises, or any portion thereof, to Lodie Brien Agency, Inc.

Response to Request No. 1. Defendants assert the General Objection. Notwithstanding the foregoing, the Defendants submit that the documents responsive to this request are in the possession of the Plaintiff and/or Mark Berger, CPA, Plaintiffs Certified Public Accountant.

**Supplemental Response to Request No.1.** In response to this Request, please see the following documents attached at Tab 1:

- Warranty Deed dated February 2, 2005, from New River Associates, Inc. to Lodie Brien Agency, Inc.;

- Settlement Statement dated February 2, 2005.

2. All Documents, Correspondence, Corporate Records or Financial Records concerning the sale of the Premises, or any portion thereof to Lisa Baldelli Hunt by Lodie Brien Agency, Inc.

Response to Request No. 2. The Defendants assert the General Objection.

**Supplemental Response to Requests No. 2.** In response to this Request, please see the following documents attached at Tab 2:

- Warranty Deed dated February 2, 2005, from Lodie Brien Agency, Inc. to Lisa Baldelli-Hunt;
- Settlement Statement dated February 2, 2005;
- Promissory Note dated February 2, 2005, from Lisa Baldelli-Hunt to Lodie Brien Agency, Inc.;
- Promissory Note dated February 2, 2005, from Lisa Baldelli-Hunt to Lodie Brien Agency, Inc., marked "Paid in Full";
- Mortgage Deed dated February 2, 2005, from Lisa Baldelli-Hunt to Lodie Brien Agency, Inc.;
- Assignment of Mortgage dated February 15, 2005, from Lodie Brien Agency, Inc. To First Boston Associates, LLC;
- Consent of Sole Shareholder of Lodie Brien Agency, Inc. dated February 2, 2005;
- Check dated May 2, 2005, from Lisa Baldelli-Hunt to Lodie Brien Agency, Inc. in the amount of $85,000.00;

- Discharge of Mortgage dated May 3, 2005, from First Boston Associates, LLC, to Lisa Baldelli-Hunt

3. All Documents, Correspondence, Corporate Records or Financial Records concerning any and all indebtedness of any of the Defendants and between any of the Defendants and First Boston Associates LLC and/or the Grossman family.

Response to Request No. 3. The Defendants assert the General Objection.

**Supplemental Response to Request No. 3.** In response to this Request, defendants will make available for inspection and copying at 64 Hamlet Avenue in Woonsocket, Rhode Island, any financial records in the defendants' possession, custody or control that would be responsive to this request. Defendants have no other documents that would be responsive to this Request.

4. All Documents, Correspondence, Corporate Records or Financial Records concerning any and all indebtedness of any of the Defendants to Plaintiff with respect to funds received for the acquisition, maintenance, or renovation of the Premises.

Response to Request No. 4. The Defendants assert the General Objection. Notwithstanding the foregoing, the Defendants submit that documents responsive to this request are in possession of the Plaintiff and/or Mark Berger, CPA, Plaintiffs Certified Public Accountant.

**Supplemental Response to Request No. 4.** In response to this Request, defendants assert that there is no such "indebtedness" of the defendants to plaintiff because no funds were received from plaintiff "for the acquisition, maintenance, or renovation of the Premises." Therefore, defendants have no documents that would be responsive to this Request.

5. All Documents, Correspondence, Corporate Records or Financial Records concerning any payments made by the Plaintiff for the acquisition, maintenance, or renovation of the Premises.

Response to Request No. 5. The Defendants assert the General Objection. Notwithstanding the foregoing, the Defendants submit that documents responsive to this request are in possession of the Plaintiff and/or Mark Berger, CPA, Plaintiff's Certified Public Accountant.

**Supplemental Response to Request No. 5.** In response to this Request, defendants assert that there were no "payments made by the Plaintiff for the acquisition, maintenance, or renovation of the Premises." Therefore, defendants have no documents that would be responsive to this Request.

6. All Documents, Correspondence, Corporate Records or Financial Records concerning any payments made by any of the Defendants for the acquisition, maintenance, or renovation of the Premises.

Response to Request No. 6. The Defendants assert the General Objection. Notwithstanding the foregoing, the Defendants submit that documents responsive to this request are in possession of the Plaintiff and/or Mark Berger, CPA, Plaintiff's Certified Public Accountant.

**Supplemental Response to Request No. 6.** Defendants do not have within their possession, custody or control any "documents, correspondence, or corporate records" that would be responsive to this Request. Defendants will make available for inspection and copying at 64

Hamlet Avenue in Woonsocket, Rhode Island, any financial records that would be responsive to this Request.

7. All Documents, Correspondence, Corporate Records or Financial Records concerning the appointment, election, resignation, or removal all officers, directors and shareholders of New River Associates, Inc. from the date of Defendants' formation or incorporation to the present.

Response to Request No. 7. The Defendants assert the General Objection. Notwithstanding the foregoing, none.

**Supplemental Response to Request No. 7.** In response to this Request, please see the following documents attached at Tab 7:

- Annual report of New River Associates, Inc. for the year 2004;
- Annual report of Lodie Brien Agency, Inc. for the year 2004;
- Annual report of Lodie Brien Agency, Inc. for the year 2005.

8. All Documents, Correspondence, Corporate Records or Financial Records concerning the day to day duties of each officer, director and shareholder of New River Associates, Inc.

Response to Request No. 8. The Defendants assert the General Objection. Notwithstanding the foregoing, none.

**Supplemental Response to Request No. 8.** Defendants do not have any documents that would be responsive to this Request. Therefore, no supplemental response to this Request is required.

9. All Documents, Correspondence, Corporate Records or Financial Records concerning the relationship between any of the Defendants and Lisa Baldelli Hunt.

Response to Request No. 9. The Defendants assert the General Objection.

**Supplemental Response to Request No. 9.** In response to this Request, please see the documents attached at Tab 2.

10. All Documents, Correspondence, Corporate Records or Financial Records concerning the relationship between any of the Defendants and First Boston Associates LLC and/or the Grossman family.

Response to Request No. 10. The Defendants assert the General Objection.

**Supplemental Response to Request No. 10.** In response to this Request, please see the documents attached at Tab 2.

11. All Financial Records of New River Associates, Inc. from the date of its formation to the present.

Response to Request No. 11. The Defendants assert the General Objection. Notwithstanding the foregoing, the Defendants submit that documents responsive to this request are in possession of the Plaintiff and/or Mark Berger, CPA, Plaintiff's Certified Public Accountant.

**Supplemental Response to Request No. 11.** In response to this Request, defendant will make available for inspection and copying the financial records of New River Associates, Inc. at 64 Hamlet Avenue in Woonsocket, Rhode Island.

DEFENDANTS ALBERT G. BRIEN and
NEW RIVER ASSOCIATES, INC.

By Their Attorneys,

Lori Caron Silveira (#3002)
Tillinghast Licht LLP
10 Weybosset Street
Providence, RI 02903
(401) 456-1200
(401) 456-1210 (fax)

February 21, 2006

CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of February, 2006, a true copy of the within was sent by first-class mail, postage prepaid, to the following:

Richard W. MacAdams, Esq. and
Dennis R. Gannon, Esq.
MacAdams& Wieck Incorporated
101 Dyer Street, Suite 400
Providence, RI 02903

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;426691;1